Filed 2/14/22  P. v. Gallardo CA2/7
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B308954 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA091171) |
| v. | |
| CARLOS GALLARDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Michael Katz and William H. Shin, Deputy Attorneys General for Plaintiff and Respondent.

_____

In 2009 Carlos Gallardo pleaded guilty to attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and voluntary manslaughter (§ 192, subd. (a)), and he admitted the gang enhancement allegations (§186.22, subd. (b)(1)(C)) were true. The trial court sentenced him to an aggregate state prison term of 26 years eight months.

On June 5, 2019 Gallardo, representing himself, filed a form petition for resentencing and supporting declaration seeking to vacate his attempted murder and voluntary manslaughter convictions and be resentenced in accordance with recent statutory changes relating to accomplice liability for murder. In his petition, Gallardo declared he "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because [he] believed [he] could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The superior court appointed counsel for Gallardo. The People filed an opposition, and counsel for Gallardo filed a reply. The court denied the petition on the basis Gallardo was ineligible for resentencing as a matter of law because section 1170.95 did not provide relief from convictions for attempted murder and voluntary manslaughter. We affirmed.

On December 22, 2021 the Supreme Court granted review and transferred the case to us with directions to vacate our decision and reconsider Gallardo's appeal in light of amendments to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.)

---

[1] All statutory references are to the Penal Code.

2

(Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022. In supplemental briefing Gallardo again argues, the Attorney General now concedes, and we agree the superior court's order denying Gallardo's petition should be reversed and the case remanded to the superior court for the court to perform a prima facie review of Gallardo's petition pursuant to section 1170.95, subdivision (c).

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.) The legislation also provided a procedure in new section 1170.95 for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*Lewis*, at p. 959; *Gentile*, at pp. 842-843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1170.95, subdivision (b)(3). Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima

facie showing that he or she is entitled to relief. (See § 1170.95, subd. (c).) Where a petitioner carries the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).)

At the time Gallardo filed his petition, the Courts of Appeal agreed that, by its express terms, section 1170.95 as enacted by Senate Bill 1437 did not provide relief for a petitioner convicted of attempted murder. We also agreed with other Courts of Appeal that had concluded section 1170.95 likewise did not apply to convictions of voluntary manslaughter. However, section 1170.95, subdivision (a), as amended by Senate Bill 775, now provides for relief where the petitioner was convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter" and "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a) & (a)(3).)

Gallardo contends and the People concede we should reverse the superior court's denial of Gallardo's petition as to his attempted murder and voluntary manslaughter convictions and remand for consideration of the petition in light of Senate Bill 775. The People also concede the record of Gallardo's plea does not contain evidence showing as a matter of law there was a factual basis for the plea that establishes liability under amended section 188 or 189.[2] We reverse the order denying Gallardo's

---

[2] The appellate record does not contain a transcript of Gallardo's plea.

petition and remand with directions for the superior court to order the prosecutor to file a supplemental response to the petition and provide Gallardo an opportunity to file a supplemental reply, and for the court to hold a hearing to determine whether Gallardo has made a prima facie showing he is entitled to relief under amended section 1170.95, and if he has, to issue an order to show cause and set an evidentiary hearing.[3]

## DISPOSITION

The order denying Gallardo's petition for resentencing under section 1170.95 is reversed. The matter is remanded for the superior court to order the prosecutor to file a supplemental response to the petition, provide Gallardo an opportunity to file a supplemental reply, and determine whether Gallardo has made a prima facie case for relief pursuant to section 1170.95, subdivision (c).


FEUER, J.


We concur:



PERLUSS, P. J.                    SEGAL, J.

---

[3] In light of Gallardo's allegation in his form petition that he is entitled to relief under the amendments to sections 188 and 189 and the People's concession that the record does not show Gallardo is ineligible for relief as a matter of law, the parties on remand may elect to stipulate to the issuance of an order to show cause and holding of an evidentiary hearing.